UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY HERNANDEZ, | Case No.: 16cv2460-AJB(JMA) |
| Petitioner, | |
| v. | **ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [DOC. NO. 25] & RESETTING DEADLINE FOR PETITIONER TO FILE TRAVERSE** |
| RAYMOND LEORA, Sheriff, Imperial County, | |
| Respondent. | |

Petitioner has filed a motion for appointment of counsel that is currently pending before the Court. [Doc. No. 25.] Petitioner requests counsel be appointed for him because he cannot afford to hire an attorney and he does "not know or understand the process that is occurring." [Doc. No.7, p. 37 of 38; Doc. No. 25, p. 1 of 2.] He states, "I got found incompetent to stand trial. I still am." [Doc. No. 25, p. 1 of 2.] Petitioner contends the Court should conduct an evidentiary hearing regarding his mental competency. [*Id.*] Petitioner does not submit a declaration under penalty of perjury in support of his motion, nor does he attach any documentation to support the granting of the appointment.

On April 11, 2017, the Court issued an order informing Petitioner he had not made specific allegations or submitted "substantial evidence" of

incompetence, which is required to warrant the Court conducting a competency hearing. [Doc. No. 31, p. 2, applying *Allen v. Calderon*, 408 F.3d 1150 (9th Cir. 2005)] Ordinarily under these circumstances a motion for appointment of counsel would be denied, but because Respondent had previously informed the Court the Imperial County Superior Court remanded Petitioner to Atascadero State Hospital in November 2016, for evaluation of his mental competence in connection with sentencing proceedings, the Court informed Petitioner of the shortcomings of his motion for appointment of counsel and ordered he supplement the record. [*Id.*, p. 3; See also Doc. No. 17, Ex. A; Doc. No. 31.] Respondent was also given a deadline to respond to Petitioner's supplemental filing.

Petitioner's April 25, 2017 deadline to file his Additional Evidence of Current Incompetence has since passed and no supplemental filing from him has been received by the Court. Respondent, however, has submitted briefing and a report by Atascadero State Hospital regarding the evaluation of Petitioner's mental health that was prepared at the direction of Imperial County Superior Court. [Doc. No. 39 and 36.]

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McClesky v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert denied*, 481 U.S. 1023 (1987); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986), cert. denied, 479 U.S. 867 (1986). Under 18 U.S.C. § 3006A(a)(2)(B), however, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever a magistrate judge or the district court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2), (a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990), *cert. denied*, 499 U.S. 979 (1991).

/ /

The interests of justice can also require appointment of counsel when the Court conducts an evidentiary hearing on the Petition. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. § 2254. Ninth Circuit precedent mandates that when a petitioner submits "substantial evidence" of his incompetence, the District Court should hold a competency hearing to determine whether a petitioner is "competent under an appropriate standard for habeas petitioners." *Allen*, 408 F.3d at 1153-54. Here, despite having multiple opportunities to do so, Petitioner has not submitted any evidence of his incompetence. In fact, the only evidence of Petitioner's mental competency are the records from Atascadero State Hospital's evaluation of Petitioner's mental health. The thirteen page Atascadero State Hospital report, which was prepared on December 30, 2016, and accompanying Certification of Mental Competency, which were filed with the Imperial County Superior Court, document the 90 day evaluation of Respondent and conclude he is competent to stand trial. [Doc. No. 38.] Thus, there is no indication that an evidentiary hearing is necessary.

The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah*, 18 F.3d at 573. In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. *Id.* In addition, the appointment of counsel may be necessary if the petitioner is of such limited education as to be incapable of presenting his claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970). When the issues involved in a section 2254 habeas action can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a

motion for appointment of counsel. *Travis v. Lockhart*, 787 F.2d 409, 411 (8th Cir. 1986).

In the instant case, Petitioner has sufficiently represented himself to date. It appears he has a good grasp of this case and the legal issues involved. The First Amended Petition was pled sufficiently to warrant this Court's issuance of an Order to Respond, which directed Respondent to file an Answer or other responsive pleading. [Doc. No. 8.]

Furthermore, the issues raised in the First Amended Petition are not complex. The First Amended Petition raises a single claim, which was addressed by the California courts in the direct appeal process. Respondent has provided the Court with the state court records relevant to the determination of the issues presented. [Doc. No. 16.] At this stage of the proceedings, therefore, it appears the Court will be able to properly resolve the issues presented on the basis of the state court record. Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel because it is simply not warranted by the interests of justice. See *LaMere v. Risley*, 827 F.2d 622, (9th Cir. 1987).

Based on the foregoing, the Court finds that the interests of justice do not require the appointment of counsel. Petitioner's motion for appointment of counsel is, therefore, **DENIED**

As the Court previously indicated when it granted Petitioner's motion for extension of time to file his Traverse, the deadline for Petitioner to file his Traverse would be reset by the Court after a determination was made regarding whether a competency hearing should be held. As the Court has concluded a

/ /

/ /

/ /

/ /

competency hearing is not warranted, the deadline for Petitioner to file a Traverse is hereby reset for **July 7, 2017**.

   **IT IS SO ORDERED.**

Dated:  June 7, 2017

_____
Honorable Jan M. Adler
United States Magistrate Judge