UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY HERNANDEZ,<br><br>        Petitioner,<br><br>v.<br><br>SCOTT KERNAN,<br><br>        Respondent. | Case No.: 16-cv-02460-AJB-LL<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION, (Doc. No. 72);**<br><br>**(2) DENYING PETITIONER'S FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, (Doc. No. 7); AND**<br><br>**(3) DENYING CERTIFICATE OF APPEALABILITY** |

Presently before the Court is Petitioner Larry Hernandez's ("Petitioner") first amended petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Doc. No. 7.) Respondent filed an answer to the Petition. (Doc. No. 15). Petitioner did not file a traverse. The Court referred the matter to the Honorable Linda Lopez, Magistrate Judge, who issued a Report and Recommendation ("R&R") recommending the Court deny the Petition. (Doc. No. 72.) The parties were instructed to file written objections by April 19, 2019, and replies by May 10, 2019. (*Id.* at 29.)

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district

judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617–18 (9th Cir. 1989). However, in the absence of timely objections, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Here, neither party timely filed objections to Magistrate Judge Lopez's R&R. Having reviewed the R&R, the Court finds that Magistrate Judge Lopez's R&R is thorough, well-reasoned, and contains no clear error.

Accordingly, the Court hereby (1) **ADOPTS** Magistrate Judge Lopez's R&R, (2) **DENIES** the Petition on the merits, and (3) **DECLINES** to issue a certificate of appealability.[1] The Court Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

Dated: December 11, 2019

Hon. Anthony J. Battaglia
United States District Judge

---

[1] When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is required to appeal a final order in a habeas proceeding. *See id.* A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 474 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).